UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARTER HICKMAN,**

    Plaintiff,

v.                                        CASE NO. 4:18-cv-00382-MW-CAS

**FLORIDA DEPARTMENT OF CORRECTIONS,**

    Defendant.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Carter Hickman, by and through the undersigned counsel, hereby sues Defendant, Florida Department of Corrections, and alleges:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §1981a, and Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., to remedy acts of race and age discrimination perpetrated against Plaintiff by Defendant Florida Department of Correction.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff Carter Hickman has been a resident of the State of Florida and was employed by Defendant Florida Department of Corrections. Plaintiff is a member of a protected class due to his race, black, his religion and his age.

4. At all times pertinent hereto, Defendant Florida Department of Corrections

("DOC") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American male, began his employment with Defendant in 1999 and currently holds the position of correctional services consultant.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment and was held to a different standard because of his race. He has also been subjected to retaliation after reporting discrimination.

8. Plaintiff filed a FCHR complaint in January 14, 2017, alleging that Defendant failed to promote him because of his race.

9. Plaintiff applied for the Correctional Programs Administrator position and was not selected. A substantially younger, white candidate with less experience and less qualified than Plaintiff was selected. The decision to not select Plaintiff for the promotion even though he was more qualified was because of his race and age.

10. Defendant hired a substantially younger white male with no experience for the position of Correctional Programs Administrator.

11. Brooke Powell, former DOC supervisor, did not like Plaintiff because of his race and age. Brooke Powell directed the search to fill the Correctional Programs Administrator

position and directed the position to Jeff Bertera. Powell told Plaintiff that he was not a team player and would not get promoted. Powell's actions here were nothing short of garden variety racism and discrimination.

12. Brooke Powell tainted the entire interview panel, including Jeff Beasley, former head of the Intelligence Unit at DOC, against Plaintiff, because of his race and age.

13. Powell and Beasley made the decision to not offer the position of Correctional Program Administrator to Plaintiff, due to his race and age.

14. Powell further insulted Plaintiff when she forced Plaintiff to sit on interview panels for the position of Correctional Programs Administrator, the same position he interviewed for, without telling Plaintiff that she had already made her mind that he would not get the job.

15. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for their services. Defendant should be made to pay said fee under the laws identified above.

## Allegations Pertaining to Religious Discrimination

16. On or about October 24, 2016, Plaintiff was requested to participate in a Halloween door decorating contest at DOC by Brooke Powell. Plaintiff informed Powell that he could not participate because of his religion, but that he would be happy to make a monetary donation for the supplies needed to decorate the door for the DOC Halloween Door Decorating Contest. Indeed, Plaintiff is also a Pastor in his church and participating in such a contest would have been contrary to not only his religious beliefs but also his teachings to his church members. In response to his objection based on his religion, Plaintiff was told that he was a poor team leader and that he would have trouble advancing at DOC because of it.

17. Less than approximately thirty (30) days after the door decorating incident,

Plaintiff was retaliated against by DOC and Brooke Powell in failing to promote him for the position of Correctional Program Administrator because he was told that he was a poor team leader. Plaintiff was not accommodated by DOC for his religious beliefs by relieving him of the responsibility for participating in the Halloween Door Decorating Contest which became mandatory based on DOC's actions. He suffered adverse actions as a result. DOC also took action against him because of his religious beliefs by failing to promote him as alleged herein.

## COUNT I
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

18. Paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq..

20. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

21. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

22. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

23. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the

meaning of the statutes referenced above.

24. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

25. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and constitutes adverse employment action.

26. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq..

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

**COUNT II**
**Age Discrimination in Violation of the Age Discrimination in Employment**
**Act, 29 U.S.C. §621 et seq. ("ADEA") and for Injunctive and Prospective Relief**

28. Paragraphs 1-17 are hereby re-alleged and reincorporated as if set forth in full herein.

29. Defendant is an employer as that term is used under the applicable statutes referenced above.

30. Plaintiff is a protected individual under the ADEA.

31. Plaintiff was discriminated against and denied a promotion because of his age and in favor of a substantially younger individual.

32. The acts of Defendant violated the ADEA.

33. Plaintiff does not seek monetary relief against Defendant under this Count.

Plaintiff seeks injunctive and prospective relief only plus attorney's fees and costs and any other relief available to Plaintiff under the law.

## COUNT I
### Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

34. Paragraphs 1-17 are hereby re-alleged and reincorporated as if set forth in full herein.

35. This is an action against Defendant for discrimination based upon religion brought under 42 U.S.C. §2000e et seq.. This is both a disparate treatment claim and a failure to accommodate claim.

36. Plaintiff has been the victim of discrimination on the basis of his religion in that he was treated differently than similarly situated employees who did not share the same religious beliefs as Plaintiff by the Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race. Defendant also failed to accommodate his religious beliefs resulting in the failure to promote him.

37. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

38. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

39. Defendant's known allowance and ratification of these actions and inactions

created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

40. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a religious-based nature and in violation of the laws set forth herein.

41. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and constitutes adverse employment action.

42. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon religion in violation of 42 U.S.C. §2000e et seq..

43. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    a. that process issue and this Court take jurisdiction over this case;

    b. that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    c. enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

    d. enter judgment against Defendant and for Plaintiff permanently enjoining

Defendant from future violations of law enumerated herein;

  e.  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

  f.  grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

        Respectfully submitted,

        The Law Offices of
        STEVEN R. ANDREWS, P.A.
        822 North Monroe Street
        Tallahassee, Florida 32303
        T: (850) 681-6416 / F: 681-6984

        /s/ Ryan J. Andrews
        STEVEN R. ANDREWS (FBN 0263680)
        BRIAN O. FINNERTY (FBN 0094647)
        RYAN J. ANDREWS (FBN 0104703)
        Service: service@andrewslaw.com
        *Attorneys for Plaintiff*

        */s/ Marie A. Mattox*
        Marie A. Mattox (FBN 0739685)
        MARIE A. MATTOX, P.A.
        310 East Bradford Road
        Tallahassee, FL 32303
        T: (850) 383-4800
        F: (850) 383-4801
        *Co-Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic transmission this 3rd day of December, 2018, to:

Elmer C. Ignacio, Esq.
Robert J. Sniffen, Esq.
Kevin C. Kostelnik, Esq.
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
eignacio@sniffenlaw.com
rsniffen@sniffenlaw.com
kkostelnik@sniffenlaw.com

/s/ *Ryan J. Andrews*
RYAN J. ANDREWS